# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO OJEDA, | CV F   05  1173  AWI LJO P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1.) |
| v. | ORDER GRANTING PLAINTIFF THIRTY DAYS TO FILE AMENDED COMPLAINT |
| ADAMS, et. al., | |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Armando Ojeda ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 16, 2005, naming Warden Adams and Does 1 through 20 as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
2  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
3  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
4        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
7  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

14        Plaintiff states generally that on April 19, 2005, he went to the medical clinic for an x-ray
15 of his left ankle because he was experiencing severe and constant pain.  Plaintiff was told by the
16 physician that his pin would have to be removed from his ankle and that he would schedule
17 surgery for him.  According to Plaintiff, this injury stemmed from an attack in April of 2004 and
18 that he complained several times to staff but they have been "displaying negligent and
19 deliberately indifferent behavior" to him.  Plaintiff states that he has been shuffled from one
20 appointment to the next being told he needed surgery by t nothing was done. Plaintiff indicates
21 that his medical file will verify all of his assertions.  Plaintiff states that after some diagnostic test
22 results on April 19, 2005, he was informed that no physician follow up was required.  Plaintiff
23 asks how this can be when he as been told several times that he needed surgery.  Plaintiff was
24 given orthopaedic shoes but it only seemed to cause more pain and so he complained about that
25 too. Plaintiff states that as he continued to complain and received positive responses to his
26 appeals, he received nothing.  Plaintiff complains that medical staff never followed through with
27 the prescribed plan of treatment and his condition got worse.

**C.  CLAIMS FOR RELIEF**

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, although Plaintiff names the Warden and Does 1 through 20, he fails to link any particular individual to any act or omission giving rise to his constitutional allegations. Although Plaintiff names Doe Defendants, he must state what each of the 20 Doe individuals did or did not do that rose to the level of a constitutional violation. Plaintiff should note further that the U.S. Marshal cannot serve an unknown Defendant with the Complaint. Thus, if possible, Plaintiff should try to include the names of specific Defendants rather than relying solely on them as a "Doe" person.

### 2. Eighth Amendment Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

1  Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a
2  "sufficiently culpable state of mind," which entails more than mere negligence, but less than
3  conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.
4  A prison official does not act in a deliberately indifferent manner unless the official "knows of
5  and disregards an excessive risk to inmate health or safety."  Id.
6      In applying this standard, the Ninth Circuit has held that before it can be said that a
7  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
8  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
9  cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
10 Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or
11 treating a medical condition does not state a valid claim of medical mistreatment under the
12 Eighth Amendment.  Medical malpractice does not become a constitutional violation merely
13 because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
14 County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
15 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
16 (9th Cir. 1997) (*en banc*).  Even gross negligence is insufficient to establish deliberate
17 indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
18 1990).
19     Here, Plaintiff does not allege specific facts giving rise to a constitutional violation.
20 Plaintiff's complaints that he cannot believe no physician follow up was necessary is a
21 disagreement with a diagnosis which does not give rise to a constitutional violation.  "A
22 difference of opinion between a prisoner-patient and prison medical authorities regarding
23 treatment does not give rise to as 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th
24 Cir.1981) (*internal citation omitted*). To prevail, plaintiff "must show that the course of treatment
25 the doctors chose was medically unacceptable under the circumstances ... and ... that they chose
26 this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh,
27 90 F.3d 330, 332 (9th Cir.1986) (*internal citations omitted*).
28     Further, the Complaint alleges no specific facts giving rise to a claim of deliberate

indifference on the part of any named Defendant.

### 3. Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003).

Here, as in the case above, Plaintiff makes only a passing allegation that staff were negligence, however, he allege no specific facts giving rise to such a claim.

### 4. Supervisory Liability

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendant Adams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

violation.'" Hansen v. Black at 646.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court

1                       in this Order, or

2             b.     Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**    **December 21, 2006**                     /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE